# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 13-40192
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
April 10, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

JOSE AGUIRRE-NUNEZ,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 7:05-CR-1095-1

Before REAVLEY, DENNIS, and SOUTHWICK, Circuit Judges.

PER CURIAM:[*]

Jose Aguirre-Nunez appeals the sentences imposed following his convictions for conspiracy to transport illegal aliens within the United States resulting in the death of an alien and conspiracy to launder monetary instruments. He contends that the district court erred in applying the enhancement under U.S.S.G. § 2L1.1(b)(6)(4) (2005) based on the death of Oneida Amparo Rodriguez, an undocumented alien who died while being

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

guided through the South Texas brush to circumvent a border checkpoint. According to Aguirre-Nunez, the record lacks sufficient evidence of a causal nexus between his relevant conduct and Rodriguez's death.

We review the district court's interpretation and application of the Guidelines de novo and its factual findings for clear error. *United States v. De Jesus-Ojeda*, 515 F.3d 434, 442 (5th Cir. 2008). A factual finding is not clearly erroneous if it is plausible in light of the record as a whole. *Id.*

The evidence shows that Aguirre-Nunez was a leader of an alien-smuggling organization and that Rodriguez's husband made arrangements with Aguirre-Nunez to smuggle Rodriguez, who was 34 years old, into the United States. A guide led Rodriguez and a group of 23 other undocumented aliens through the brush in late June 2005. During the journey, Rodriguez passed out and was abandoned by the guide. Two undocumented aliens stayed behind with her and attempted to assist her, but she died despite their efforts. Rodriguez's autopsy indicated that her cause of death was a probable heat stroke.

Although there is no indication in the record that Aguirre-Nunez was present in the brush with Rodriguez, the district court was permitted to consider not only the acts committed, aided, or abetted by Aguirre-Nunez personally but also all acts and omissions of others in furtherance of the alien-smuggling scheme that were reasonably foreseeable to Aguirre-Nunez. *See* U.S.S.G. § 1B1.3(a)(1)(A)-(B); *United States v. Rodriguez*, 553 F.3d 380, 395 (5th Cir. 2008). Rodriguez's death during the trek through the brush was reasonably foreseeable to Aguirre-Nunez given that he was a leader of the alien-smuggling scheme and was involved in coordinating her smuggling and transport. *See De Jesus-Ojeda*, 515 F.3d at 443-44.

Furthermore, the fact that Rodriguez died because of a probable heat stroke she suffered while being guided through the South Texas brush in the summer heat with little water supports the finding that the direct or proximate cause of her death was conditions encountered during the alien-smuggling operation rather than some other reason unrelated to Aguirre-Nunez's relevant conduct. *See United States v. Garcia-Guerrero*, 313 F.3d 892, 899 (5th Cir. 2002). Accordingly, there was no clear error, and Aguirre-Nunez's challenge to the § 2L1.1(b)(6)(4) enhancement is unavailing. *See De Jesus-Ojeda*, 515 F.3d at 443-44; *Garcia-Guerrero*, 313 F.3d at 899.

While Aguirre-Nunez disputes that there was sufficient evidence to demonstrate direct or proximate causation, he concedes that his challenge fails under the but-for causation standard adopted in *United States v. Ramos-Delgado*, 763 F.3d 398 (5th Cir.), *cert. denied*, 135 S. Ct. 771 (2014). The Government has filed an unopposed motion for summary affirmance based on *Ramos-Delgado* or, alternatively, an extension of time to file a brief. While Aguirre-Nunez's challenge would also fail under the but-for standard of *Ramos-Delgado*, we decline to summarily affirm the judgment solely pursuant to *Ramos-Delgado*, as the evidence is sufficient to show that Rodriguez's death was directly or proximately caused by the dangerous conditions of her journey through the brush. *See Garcia-Guerrero*, 313 F.3d at 899.

Accordingly, the Government's motion for summary affirmance is DENIED. The Government's alternative motion for an extension of time to file a brief is also DENIED, as Aguirre-Nunez is not entitled to relief and further briefing is unnecessary. The judgment of the district court is AFFIRMED.